UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV300

DAVID S. FORSHEE                                                                                      PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                                       DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of David Forshee ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On March 23, 2005, Claimant filed application for disability insurance benefits, alleging that he became disabled as of February 1, 2003. After a hearing, Administrative Law Judge Roland Mather ("ALJ") determined that claimant's coronary artery disease and rheumatoid arthritis were severe impairments, but that they did not prevent him from performing his past relevant work as a scheduler or dispatcher. This became the final decision of the defendant when the Appeals Council denied review on April 10, 2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence

1

supports the factual determinations of the ALJ. <u>Elam v. Commissioner</u>, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. <u>NLRB v. Columbian Enameling and Stamping Co.</u>, 306 U.S. 292 (1939); <u>Foster v. Bowen</u>, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to include all established limitations in the hypothetical questions posed to the vocational expert. The law requires that the hypothetical question be a "'complete assessment of her physical and mental state and should include an accurate portray[al] of [the claimant's] individual physical and mental impairments.' <u>Howard v. Commissioner of Social Security</u>, 276 F.3d 235, 239 (6th Cir.2002) (quoting 20 C.F.R. § 416.945). Nonetheless, the ALJ is required to incorporate into the hypothetical questioning only those limitations which he accepts as credible. <u>Casey v. Secretary of Health and Human Services</u>, 987 F.2d 1230, 1235 (6th Cir. 1993).

Mr. Forshee identifies two different limitations that he believes were erroneously omitted from the hypothetical questioning. First, non-examining consultant Dr. Stubbs opined that Mr. Forshee had some limitation in his ability to reach in all directions, including overhead. Explaining that limitation, Dr. Stubbs noted bilateral limitation: "0 H to freq." Tr. 149. That is, his only limitation is that he must not *constantly* reach in all directions. This is precisely the limitation incorporated in the hypothetical question the ALJ posed to the vocational expert, and the expert opined that such a limitation would not prevent performance of Mr. Forshee's past work.

The other limitation Mr. Forshee believes should have been included was identified by Dr. Loy, who opined that Mr. Forshee was limited in his ability to push or pull in both upper and lower extremities. Tr. 206. Omission of such a limitation, even if seen as error, is certainly harmless, given that the previous work which the vocational expert believed Mr. Forshee could perform does not include pushing or pulling as among its requirements. Thus, the Court finds no reversible error in the ALJ's hypothetical questions.

Plaintiff next argues that the ALJ committed legal error in failing to properly evaluate the credibility of plaintiff's testimony. It appears that this argument specifically concerns Mr. Forshee's complaints about his hands. The hypothetical question posed to the vocational expert assumed "fingering and handling ... limited to frequent." Tr. 377. Claimant argues that "the hypothetical did not accurately portray the claimant's restriction." Plaintiff's brief at 9. The basis for this argument seems to be a brief hearing exchange in which Mr. Forshee's attorney asked him whether he ever had any problems with his hands. Plaintiff answered, "I have had problems with my hands. Periodically they'll flare up and my joint will get swollen and it becomes difficult to use it at that point in time." Tr. 370. At that point, the matter was dropped. The transcript does not reflect exploration of how often such a "flare" has occurred, whether such "flares" are still occurring, or what the extent of the difficulty might be. Even more significantly, plaintiff points to nothing in the medical records that indicates the hypothetical question's assumptions are inconsistent in any way with Mr. Forshee's condition.

Thus, with respect to use of hands, there does not appear to have been a conflict between the limitations claimed by plaintiff and those incorporated into the hypothetical question. Nonetheless, even assuming there was some such conflict, the Court finds no error in the ALJ's handling of the

credibility issue. SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529©) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1)  Daily activities;

2)  The location, duration, frequency, and intensity of pain or other symptoms;
3)  Precipitating and aggravating factors;

4)  The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5)  Treatment, other than medication, received for relief of pain or other symptoms;

6)  Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7)  Other factors concerning functional limitations and restrictions due to pain or other symptoms.

The ALJ determined that Mr. Forshee's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. 17. The reasons he set forth were that the treating notes fail to corroborate the terrible pain claimed by Mr. Forshee. He noted that the rheumatologist describes Mr. Forshee's condition as stable. The ALJ noted Mr. Forshee's testimony that he goes up and down steps in a two story house four to five times each day, that he is able to

do simple cooking, load the dishwasher, do the laundry, do light housekeeping and do grocery shopping. Having considered the necessary factors and having articulated reasons for finding Mr. Forshee's complaints only partially credible, the ALJ has complied with the law, and this Court will not disturb his credibility determination.

     An order in conformity has this day entered.

.